IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joel Antwan Robinson, | Case No.: 4:19-cv-928-SAL |
| Petitioner, | |
| v. | |
| Warden, Perry Correctional Institution, | **OPINION AND ORDER** |
| Respondent. | |

    Petitioner Joel Antwan Robinson, proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 28, 2019. ECF No. 1. Respondent filed a return and memorandum and moved for summary judgment on June 12, 2019. ECF Nos. 17, 18. Petitioner responded on August 29, 2019. ECF No. 25. On December 2, 2019, pursuant to 28 U.S.C. 636(b) and Local Civil Rule 73.02 (D.S.C.), United States Magistrate Judge Thomas E. Rogers, III issued a Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment be granted and the petition be dismissed without an evidentiary hearing. ECF No. 28 at 13. Petitioner filed objections to the Report on December 11, 2019, ECF No. 30, and Respondent replied. ECF No. 32.[1]

**I.    Background**

    The factual and procedural history of the Report is incorporated herein by reference. *See* ECF No. 28 at 2-6. In summary, Petitioner is an inmate at the Perry Correctional Institution. He was convicted after a jury trial in March of 2009 before the Honorable J. Michelle Childs and

---

[1] Petitioner filed a surreply to Respondent's reply without seeking leave to do so on January 31, 2019. The Court does not consider matters raised therein. *See Chestnut v. Comstock*, No. 1:14-CV-02222-RBH, 2015 WL 3966427, at *2 n.5 (D.S.C. June 29, 2015) ("Neither the Federal Rules of Civil Procedure nor the Local Rules of the United States District Court for the District of South Carolina provide for a surreply.").

1

sentenced to life imprisonment on one count of murder, twenty (20) years on one count of assault and battery with intent to kill, and five (5) years on one count of use of a firearm during the commission of a violent crime. Petitioner was also sentenced to time served for two drug crimes. As detailed in the Report, Petitioner sought review of his conviction and sentence on direct appeal and through collateral post-conviction relief proceedings.

In the present action, Petitioner alleges he is entitled to habeas relief for the following reasons: (1) the state trial court erroneously failed to instruct the jury on the lesser crime of manslaughter where the victim previously threatened Petitioner while armed and had been actively seeking to carry out death threats against Petitioner, *see* ECF No. 1 at 5; and (2) Petitioner received ineffective assistance of counsel "[d]ue to legal materials being misplaced and/or lost . . . ."[2]

The Magistrate Judge concluded that Petitioner's first ground for relief is not cognizable for federal habeas review under *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) and *Thomas v. Davis*, 192 F.3d 445, 449 n.1 (4th Cir. 1999), where the issue is raised as a question of state law and was decided by the South Carolina Court of Appeals on direct appeal as a question of state law. ECF No. 28 at 11. The Magistrate Judge further recommends dismissing Petitioner's second claim for failure to satisfy Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254. ECF No. 28 at 12.

In his objections to the Report, Petitioner argues that the Report improperly names the Warden of Kershaw Correctional Institution as a party to this matter. ECF No. 30 at 1. In addition, Petitioner objects to the Report "in its entirety" because he claims he "did show

---

[2] Petitioner represented that he would amend the facts alleged in support of this ground for relief after a return was filed. As noted by the Magistrate Judge, ECF No. 28 at 12 n.5, Petitioner has not sought to amend his petition.

constitutional violations of the South Carolina Court" during his trial with "leg[a]l document[s]." *Id.*

## II.    Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

In applying the foregoing standard, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). Vague, general, or conclusory objections not directed toward any particular portion of a magistrate judge's findings or reasoning defeat the purpose of initial screening, and presented with such objections, a court will review a report and recommendation for clear error. *See, e.g.*, *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

**III.    Discussion**

Petitioner is correct that the Warden of Kershaw Correctional Institution is not a party to this action. This objection is sustained , and the Report is modified to the extent that the proper Respondent is the Warden of Perry Correctional Institution. Though the objection is sustained on this matter, it does not alter the analysis of whether Respondent is entitled to summary judgment.

Petitioner's second objection, which disputes the Report "in its entirety," ECF No. 30 at 1, falls below the specificity standard of 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal

Rules of Civil Procedure. *See Midgette*, 478 F.3d at 621. The objection fails on its face to direct the Court to any particular portion of the Report and is tantamount to a failure to object. The Court therefore reviews the merits of the Report for clear error. Finding none, the Court adopts the recommendations of the Report.

**IV.     Conclusion**

After a thorough review of the Report and the record in this case in accordance with the applicable standard, the Court adopts the Report, ECF No. 28, as modified herein to name Warden, Perry Correctional Institution as the Respondent. Accordingly, Respondent's Motion for Summary Judgment, ECF No. 18, is GRANTED, and the Petition, ECF No. 1, is DISMISSED with prejudice and without an evidentiary hearing.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

IT IS SO ORDERED.

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

May 21, 2020

Florence, South Carolina